UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TIMOTHY STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-263-TAV-HBG |
| | ) | |
| LVNV FUNDING LLC and | ) | |
| MCLEMORE & EDINGTON, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant LVNV Funding LLC's ("LVNV") Motion to Dismiss [Doc. 8] and Motion to Stay [Doc. 22]. Plaintiff responded to the Motion to Dismiss [Doc. 12]. Also before the Court is plaintiff's Motion for Leave to File Amended Complaint [Doc. 11] and Motion to Remand to State Court [Doc. 13]. LVNV responded to both of these motions [Docs. 14, 15], and plaintiff filed one reply addressing both responses [Doc. 16]. After careful consideration of the motions and the relevant law, the Court will grant plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand, and will remand this action to Monroe County Circuit Court.

**I. Background**

Plaintiff originally filed this action in Monroe County Circuit Court [Doc. 1]. LVNV removed the action to this Court [Doc. 1], asserting federal question jurisdiction—specifically, that plaintiff alleged violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act [*Id.*; Doc. 1-1]. LVNV then filed an

answer and a motion to dismiss on July 10, 2015 [Docs. 6, 8]. On July 24, 2015, plaintiff moved to amend the complaint [Doc. 11]. Plaintiff's proposed amended complaint asserts only state-law claims including: violations of the Tennessee Consumer Protection Act, common law fraud, outrageous conduct, violations of Tennessee State Regulations, and legal malpractice [Doc. 11-2]. Plaintiff then filed a response LVNV's motion to dismiss [Doc. 12] and a motion to remand to state court [Doc. 13]. LVNV filed a motion to stay pending ruling on its motion to dismiss plaintiff's complaint, plaintiff's motion for leave to amend complaint, and plaintiff's motion to remand [Doc. 22].

## II.   Motion for Leave to File Amended Complaint[1]

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend the complaint "once as a matter of course" either within "21 days after serving it," Fed. R. Civ. P. (a)(1)(A), or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B). Where the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings by leave of the Court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, plaintiff requested leave to amend his complaint even though Rule 15(a)(1)(B) allows him to amend his complaint as a matter of course. LVNV filed its answer and a motion to dismiss under Rule 12(b) on July 10, 2015 [Docs. 6, 8]. Plaintiff

---

[1] The motion to remand is based upon subject matter jurisdiction, but the basis for the motion to remand is contingent upon the granting of the motion to amend. As such, the Court will address the motion to amend first, then address the motion to remand.

2

requested leave to amend on July 24, 2015, well within the twenty-one day deadline to amend as a matter of course [Doc. 11]. In his motion to amend, plaintiff cites to the date LVNV filed its motion to dismiss, and in his reply, he acknowledges that he had a right to amend as a matter of course [Docs. 11, 16]. Plaintiff contends that he sought leave to amend only "out of an abundance of precaution" [Doc. 16].

LVNV argues that, by seeking leave of the Court to amend, plaintiff waived his right to amend as a matter of course and, as such, he has invited the Court to review the amendment pursuant to Rule 15(a)(2). LVNV cites *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 458 (6th Cir. 2013), in support of the proposition that plaintiff waived his right by "having sought leave in the district court instead of simply filing an amended complaint." The Court, however, finds this case distinguishable. In *Glazer*, the plaintiff sought leave to amend his complaint and cited the portion of Rule 15 that provides leave is required. *Id.* at 458. It does not appear that the plaintiff suggested to the district court he had a right to amend as a matter of course, and the first time this argument arose was on appeal.[2] *See id.* (analyzing the district court opinion only in terms of Rule 15(a)(2) rather than Rule 15(a)(1)); *see also Glazer v. Chase Home Fin. LLC*, No. 1:09CV1262, 2010 WL 1391318, at *1 (N.D. Ohio Mar. 31, 2010) (not discussing the plaintiff's right to amend as a matter of course).

---

[2] From the district court and court of appeals decisions, it seems unlikely that the plaintiff even had a right to amend as a matter of course. Although declining to reach the conclusion of whether the plaintiff had a right to amend as a matter of course, the Sixth Circuit discusses the plaintiff's delay in seeking leave to amend and how he filed it well after the defendant's motion to dismiss had been filed and fully briefed, and one month after the magistrate recommended granting it. *Glazer*, 704 F.3d at 458.

3

Other than *Glazer*, the remaining cases defendant cites to support his proposition that plaintiff has waived his right to amend are simply persuasive, and not binding upon this Court. The only other case within the Sixth Circuit that defendant cites is *Bleicher v. Chase Bank N.A.*, No. 12-13357, 2013 WL 3582023, at *1 (E.D. Mich. July 12, 2013), but the Court finds this case distinguishable for similar reasons to *Glazer*. In *Bleicher*, the plaintiff titled his motion as one brought pursuant to Rule 15(a)(2), thereby emphasizing the court's need to find that leave is appropriate. *Id.* Further, the court noted that even if the amended complaint was filed as a matter of course, the amendment would not cure the deficiencies set forth in the defendant's motion to dismiss, which helps to explain the court's decision in finding that the plaintiff waived his right. *Id.*

This Court has previously ruled that a plaintiff retains the right to amend as a matter of course, even when requesting leave to amend, so long as he submits to the Court that he may amend his pleading as a matter of course. *See Arnold v. Covenant Health*, No. 3:11-CV-307, 2011 WL 5553791, at *1 (E.D. Tenn. Nov. 15, 2011). In *Arnold*, the plaintiff requested leave to amend, but the plaintiff also submitted to the Court that the motion to amend was filed within twenty-one days of the defendants' responsive pleadings. *Id.* This Court granted the motion to amend, acknowledging that the plaintiff could amend without leave of the Court and without regard to the factors typically discussed when analyzing a motion to amend pursuant to Rule 15(a)(2), such as bad faith and futility. *Id.*

4

The Court finds that this case is analogous to *Arnold* rather than *Glazer*. Here, plaintiff filed a motion for leave to amend his complaint within twenty-one days of service of a responsive pleading and a motion under Rule 12(b). Plaintiff, therefore, had a right to amend under Rule 15(a)(1)(B). Plaintiff acknowledged his ability to amend as a matter of course, but noted that he filed the motion for leave "out of an abundance of caution." Similar to *Arnold*, and unlike *Glazer*, he presented the "matter of course" argument to the Court.

In sum, the Court finds that plaintiff may amend his complaint as a matter of course and without leave of the Court. The Court will grant plaintiff's motion to amend pursuant to Rule 15(a)(1)(B).

### III. Motion to Remand to State Court

Plaintiff moves this Court for an order remanding this case to the Circuit Court for Monroe County. As grounds, plaintiff submits that if the Court grants the motion to amend, the amended complaint does not contain any federal claims, and the Court will lack jurisdiction over the matter.

Because the basis for subject matter jurisdiction is determined at the time of removal, plaintiff's amendment does not destroy the basis for federal subject matter jurisdiction. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims). But if, as here, the Court "has dismissed all claims over which it has original jurisdiction[,]" then 28 U.S.C. § 1367(c)(3) allows

the Court to decline to exercise supplemental jurisdiction over the remaining state-law claims.[3]

In determining whether to retain jurisdiction over state-law claims, federal courts "balance the values of judicial economy, convenience to the parties, fairness, and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 583–84 (6th Cir. 2011). "This includes the interest in not needlessly deciding state law issues." *Id.* In addition, the federal court may consider whether the plaintiff has attempted to manipulate the forum. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Usually, however, when all federal claims are dismissed before trial, the considerations will point toward dismissing or remanding the state-law claims. *Id.*; *accord Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If federal claims are dismissed before trial, the state claims generally should be dismissed as well."); *cf. Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209–12 (6th Cir. 2004) (finding that the following factors weighed in favor of retaining supplemental jurisdiction over state-law claims: (1) plaintiff had engaged in forum manipulation, (2) defendants' summary judgment motions were ripe for disposition, and (3) the parties had completed discovery).

This case now involves solely state-law claims, so considerations of comity favor remand. Defendants argue plaintiff is trying to manipulate the forum. But even if

---

[3] Defendant argues that the federal claims are not "dismissed" within the meaning of 28 U.S.C. § 1367(c)(3) because plaintiff removed the federal claims, without prejudice, rather than the Court dismissing the claims with prejudice [Doc. 15 p. 6]. The Sixth Circuit, however, has applied 28 U.S.C. § 1367(c)(3) in situations analogous to this one, where a plaintiff omitted all federal-law claims in an amended complaint. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (citations omitted). In *Gamel*, the Sixth Circuit found that federal claims qualified as "dismissed" within the meaning of § 1367(c)(3). *Id.*

6

plaintiff attempted to manipulate the forum, that factor alone does not outweigh the other considerations that suggest remanding this action to state court. *Gamel*, 625 F.3d at 949 ("Ultimately, the district court found that the only factor that weighed in favor of exercising supplemental jurisdiction was the retirees' forum manipulation, but decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims. It concluded that exercising supplemental jurisdiction 'would not foster judicial economy and would result in . . . needlessly resolving issues of state law.'").

Therefore, this Court, in its discretion, will decline to exercise supplemental jurisdiction over the remaining state-law claims. *See Gamel*, 625 F.3d at 953 (upholding district court's decision to decline to exercise supplemental jurisdiction over state-law claims where plaintiffs filed an amended complaint after removal, which omitted federal claims).

## IV. Conclusion

For the reasons set forth herein, the Court will **GRANT** plaintiff's Motion for Leave to File Amended Complaint [Doc. 11], will **GRANT** plaintiff's Motion to Remand to State Court [Doc. 13], and the Court will **REMAND** this action to Monroe County Circuit Court. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:15-cv-00263-TAV-HBG   Document 23   Filed 02/12/16   Page 7 of 7   PageID #: 180